# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00798-CR

**Roberto Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. D-1-DC-11-300990, THE HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Roberto Hernandez appeals from a judgment convicting him of terroristic threat. *See* Tex. Penal Code Ann. § 22.07 (West 2011). Our review of the clerk's record in this case indicates that the trial court's certification of the defendant's right of appeal is defective. Therefore, we abate this appeal.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a *Certification of Defendant's Right of Appeal* each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2). The certification contained in the clerk's record in this case states that this "is not a plea-bargain case, and the defendant has the right of appeal." However, this certification does not conform to the record before us. The district court's docket sheet and the clerk's register of actions reflect that this was a negotiated plea. The judgment reflects that

Hernandez pled guilty and the 60-day jail sentence he received was a term of the plea bargain. Further, the plea paperwork—a document entitled *Plea of Guilty, Admonishments, Voluntary Statements, Waivers, Stipulation & Judicial Confession* that Hernandez signed—indicates that Hernandez waived his right to appeal as part of the plea bargain. Because the certification does not comport with the remainder of the record in this plea-bargain case, it appears to be defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (defining defective certification as one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate").

We are required "to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate." *Id.*; *see* Tex. R. App. P. 34.5(c), 37.1. Accordingly, we abate this appeal for ten days and instruct the district court to prepare and send to this Court an amended certification in this cause that accurately reflects Hernandez's right of appeal. *See* Tex. R. App. P. 35.2(f); *Dears*, 154 S.W.3d at 614. A supplemental clerk's record containing the court's amended certification shall be forwarded to the clerk of this Court no later than August 6, 2012.

Before Chief Justice Jones, Justices Rose and Goodwin

Abated

Filed: July 25, 2012

Do Not Publish